# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN D. HENLEY,
:
    Petitioner,   Case No. 3:07-cv-031

:    District Judge Walter Herbert Rice
-vs-    Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
:
    Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Petitioner's Objections to the Magistrate Judge's Report and Recommendations and Request for Certificate of Appealability (Doc. Nos. 16 & 17).[1]

Although the General Order of Assignment and Reference for the Dayton location of court allowed magistrate judges to reconsider reports when objections are made, the Magistrate Judge in this case does not believe additional analysis would be useful to the Court.

Petitioner has not yet filed a notice of appeal because there is no final judgment in the case as yet; thus he has not indicated what he intends to appeal. Assuming that he intends to appeal all issues on which he loses, the Magistrate Judge recommends that he be granted a certificate of appealability on the following questions

---

[1] The two docket numbers for these separate docketable items have been assigned to the same document.

1. Was it ineffective assistance of appellate counsel for his appellate attorney to fail to claim on direct appeal that his trial counsel rendered ineffective assistance by failing to make an objection to his sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), when he was sentenced several months after *Blakely* was decided but many months before the Ohio Supreme Court applied it in Ohio by *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006)?

2. Is the remedy portion of the *Foster* opinion unconstitutional in allowing imposition of sentences on persons convicted before it was decided without making the findings required by Ohio Revised Code § 2929.14 when such findings were required at the time the crimes were committed?

3. When a state appellate court finds *Blakely/Foster* error on collateral review, can it constitutionally proceed to find that error harmless on the theory that the trial judge will likely impose the same sentence when his or her discretion is unfettered (except by statutory maximum) as he or she did when the discretion was constrained by Ohio Senate Bill 2 or must it remand the case for resentencing?

With respect to all other questions presented by the Petition, reasonable jurists would not disagree with the conclusions in the Report and no certificate of appealability should be granted on those other questions. Petitioner should be permitted to appeal *in forma pauperis*.

August 14, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
