IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRIAN D. HENLEY,
        Plaintiff-Petitioner,

    vs.                              Case No. 3:07cv031

ERNIE L. MOORE, WARDEN,        JUDGE WALTER HERBERT RICE
LEBANON CORRECTIONAL
INSTITUTION,

        Defendant-Respondent.

---

DECISION AND ENTRY ADOPTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) AND ADOPTING IN PART REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY (DOC. #20); PLAINTIFF-PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILINGS (DOCS. #16 AND #22) OVERRULED; DEFENDANT-RESPONDENT'S OBJECTIONS (DOC. #23) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON ISSUE OF CERTIFICATE OF APPEALABILITY (DOC. #20) SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT-RESPONDENT AND AGAINST PLAINTIFF-PETITIONER, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, WITH PREJUDICE, IN ITS ENTIRETY; CERTIFICATE OF APPEALABILITY TO ISSUE IN LIMITED FASHION, RIGHT TO APPEAL *IN FORMA PAUPERIS* GRANTED; TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority, set forth by the United States Magistrate Judge in his Report and Recommendations of June 28, 2007 (Doc. #14), and in his Report and Recommendations on Motion for Certificate of

Appealability (Doc. #20), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said Reports and Recommendations are adopted in part.  For reasons explained below, although this Court agrees with the Magistrate Judge's conclusions that claims 2 through 6 and 8 through 13 of Plaintiff-Petitioner's First Ground for Relief are without merit, it rejects part of the Magistrate Judge's rationale for reaching that conclusion.  In addition, this Court is of the opinion that the Plaintiff-Petitioner is entitled to a more narrow Certificate of Appealability than that recommended by the Magistrate Judge.  Plaintiff-Petitioner's Objections to said judicial filings (Docs. #16 and #22) are overruled in their entirety.  The Defendant-Respondent's Objections (Doc. #23) to the Magistrate Judge's Report and Recommendations on Certificate of Appealability (Doc. #20) are sustained in part overruled in part.

The Magistrate Judge's concluded that claims 2 through 6 and 8 through 13 of Plaintiff-Petitioner's First Ground for Relief were without merit, in part because they had not been asserted during his direct appeal and that his subsequent application to reopen his appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure did not "resurrect" those claims.  During to Rule 26(B) proceeding, however, the Montgomery County Court of Appeals addressed the merits of each of those eleven claims.  It is axiomatic that the doctrine of procedural default does not prevent a federal court from addressing the merits of a federal constitutional claim, when the state court has done so.  *Caldwell v. Mississippi*, 472 U.S. 320,

327 (1985); *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).  Therefore, this Court does not adopt the reasoning of the Magistrate Judge concerning the non-resurrection of claims 2 through 6 and 8 through 13 of Plaintiff-Petitioner's First Ground for Relief.[1] That said, however, this Court is firmly convinced that the denial of the merits of those claims by the Montgomery County Court of Appeals did not constitute an adjudication of a federal constitutional claim, under *Strickland v. Washington*, 466 U.S. 668 (1984), which "resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  *See also*, *Walls v. Konteh*, 490 F.3d 432, 436 (6th Cir. 2007).

Accordingly, this Court concludes that all claims raised by Plaintiff-Petitioner in his Petition for Writ of Habeas Corpus are not cognizable in federal habeas corpus and/or neither contrary to nor an unreasonable application of the governing federal law as determined by the United States Supreme Court.  Judgment will be ordered in favor of the Defendant-Respondent and against the Plaintiff-Petitioner, accordingly, dismissing Plaintiff-Petitioner's Petition for Writ of Habeas Corpus, with prejudice, in its entirety.

The Magistrate Judge has recommended that this Court grant a Certificate of Appealability on the following three issues:

---

[1] The Magistrate Judge also noted that the Montgomery County Court of Appeals had quite properly rejected those eleven claims on their merits.

1. Was it ineffective assistance of appellate counsel for Defendant's appellate attorney to fail to claim on direct appeal that his trial counsel rendered ineffective assistance by failing to make an objection to his sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), when Defendant was sentenced several months after *Blakely* was decided but many months before the Ohio Supreme Court applied that decision in Ohio by *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006)?

2. Is the remedy portion of the *Foster* opinion unconstitutional in allowing imposition of sentences on persons convicted before it was decided, without making the findings required by Ohio Revised Code § 2929.14, when such findings were required at the time the crimes were committed?

3. When a state appellate court finds *Blakely/Foster* error on collateral review, can it constitutionally proceed to find that error harmless on the theory that the trial judge will likely impose the same sentence when his or her discretion is unfettered (except by statutory maximum) as he or she did when the discretion was constrained by Ohio Senate Bill 2, or must it remand the case for resentencing?

*See* Doc. #20 at 2. Given the state of flux in which Ohio law exists in the evolving jurisprudence as to the applicability of the *Blakely* decision and its progeny to cases on direct and collateral appeal, as well as to the retroactivity of the Ohio Supreme Court's decision in *State v. Fisher*, 109 Ohio St. 301 (2006), this Court grants a

Certificate of Appealability on the first issue identified by the Magistrate Judge. This Court will decline grant such a certificate on the other two issues identified by the Magistrate Judge, because those issues will not be presented unless and until the Sixth Circuit concludes that the Plaintiff-Petitioner was denied effective assistance of counsel and he is resentenced by the state court. Since the state courts have not been afforded the opportunity of addressing those issues, to grant a certificate of appealability on same would risk offending principles of comity.

With regard to any and all other issues raised by the Plaintiff-Petitioner, this Court concludes that reasonable jurists could not disagree with the conclusions reached herein and that, accordingly, Plaintiff-Petitioner has not set forth a colorable claim of a denial of a constitutional right. Accordingly, on all issues other than the above three, this Court would deny a Certificate of Appealability.

Permission to appeal *in forma pauperis* is granted on the issue set forth above, and denied on all other.

Judgment is to be entered in favor of Defendant-Respondent and against Plaintiff-Petitioner, dismissing his petition for a writ of habeas corpus, with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| February 5, 2008 | /s/ Walter Herbert Rice <br> WALTER HERBERT RICE <br> UNITED STATES DISTRICT JUDGE |

Copies to:

Brian D. Henley, Pro Se

Hilda Rosenberg, Esq.

Chief Magistrate Judge Michael R. Merz